OPINION. Black, Judge: We have but one issue in this proceeding and that is whether the payments made to petitioner in 1955 and 1956 by S. B. Penick & Company are taxable to her as determined by the Commissioner in his deficiency notice. There is no issue as to the amounts or that they were actually paid to petitioner. It is petitioner’s contention that the payments so made were gifts by the corporation to her and are, therefore, not taxable to her by reason of section 102 of the 1954 Code[1] printed in part in the margin. The Commissioner in his deficiency notice has determined that the payments were taxable income to petitioner under section 61(a) of the 1954 Code[2] printed in part in the margin. Similar payments to those here involved were made in 1953 and 1954. These payments are not in issue here. The Commissioner has not undertaken to tax them to petitioner. It is not contended by petitioner that the Commissioner is estopped from taxing the payments made in 1955 and 1956 by reason of the fact that he did not tax the same type of payments made to petitioner in 1953 and 1954. Clearly he is not estopped; no facts in the record establish estoppel. The question is, were such payments made in 1955 and 1956 gifts, as petitioner contends, or taxable income to petitioner as the Commissioner has determined ? Both parties cite and discuss Commissioner v. Duberstein, 363 U.S. 278. In that case we think the Supreme Court made reasonably clear two fundamental principles: (1) The characterization of a corporate payment as a gift or as compensation is a question of fact for the trial court to determine, and (2) the thing that controls this factual determination is the “dominant reason that explains his [payor’s] action in making the transfer” — if affection, charity, or like impulses are the dominant motive, then the payment is a gift; if not, it is a taxable payment. It goes without saying in the instant case that the determination of the Commissioner is presumed to be correct and the burden of proof is on petitioner to show that it is not correct. Has she met that burden of proof? We do not think that she has met it. We have endeavored in our Findings of Fact to give a full and fair statement of the facts, both those which were stipulated and those which were established by oral testimony. There would be no point in restating those facts. It is sufficient to say, we think, that the case is controlled, in our opinion, by Roy I. Martin, 36 T.C. 556, on appeal (C.A. 3). Of course, the facts in the instant case are somewhat different from those which were present in the Martin case. In the instant case the petitioner was an invalid from arthritis and Parkinson’s disease and it was necessary that she use a wheelchair. That was not true in the Martin case. But in the instant case the facts show that petitioner had a comfortable income and was not in need of financial assistance. It seems certain to us that the payments which were made to her in 1955 and 1956 were not made to her by the corporation because of petitioner’s urgent need. While her medical bills resulting from her invalidism were considerable, she had ample income with which to pay them out of her own funds. There is no evidence to the contrary. We must conclude from all the evidence in the record that the case here is not distinguishable from Roy I. Martin, supra. It goes without saying that we should endeavor to treat all taxpayers alike. Therefore, following that case, we hold for the respondent. Decision will be entered for the respondent, SEC. 102. GIFTS AND INHERITANCES. (a) General Rule. — Gross Income does not Include the value of property acquired by gift, bequest, devise, or Inheritance. SEC. 61. GROSS INCOME DEFINED. (a) General Definition. — Except as otherwise provided In this subtitle, gross Income means all Income from whatever source derived, Including (but not limited to) the following Items: (1) Compensation for services. Including fees, commissions, and similar items; **•••** (14) Income In respect of a decedent; * * *